UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

Plaintiff,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.: 26-CV-2827 JLS (DDL)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

(ECF No. 3)

Presently before the Court is Plaintiff's Motion for Leave to Proceed Under Pseudonym ("Mot.," ECF No. 3). Defendant County of San Diego has not opposed the motion. *See generally* Docket. The Court **GRANTS** Plaintiff's Motion for the reasons that follow.

**BACKGROUND**

Plaintiff filed a Complaint ("Compl.," ECF No. 1) alleging that he was physically and sexually assaulted at Vista Detention Facility ("VDF"). Compl. at 2. Plaintiff claims that VDF correctional officers were on notice that Plaintiff was "vulnerable to attacks by other inmates" and "had been attacked by other inmates of several other occasions." *Id.* But the officers failed to take "reasonable or appropriate action" to ensure Plaintiff's safety from these attacks. *Id.*

/ / /

## LEGAL STANDARD

"District courts have broad discretion in determining whether parties may proceed anonymously. Although the 'normal presumption is for parties to use their real names,' special circumstances may warrant anonymity, such as claims that involve 'sensitive and highly personal issues.'" *E.A.R.R. v. U.S. Dep't of Homeland Sec.*, No. 20-CV-2146 TWR (BGS), 2021 WL 5177775, at *1 (S.D. Cal. Jan. 7, 2021) (first citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); and then citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010)). "A party may proceed anonymously if 'the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Id.* (citing *Advanced Textile Corp.*, 214 F.3d at 1068).

## DISCUSSION

Because matters of sexual assault are particularly sensitive, Plaintiff argues that the Court should allow him to proceed under pseudonym. Mot. at 3–4. The Court agrees.

Courts have allowed plaintiffs to proceed under pseudonyms in three situations: when (1) identification creates a risk of retaliatory harm, (2) anonymity is required to protect privacy in sensitive and personal situations, and (3) the anonymous party, compelled to admit to illegal conduct, risks criminal prosecution. *Advanced Textile Corp.*, 214 F.3d at 1068. The allegations here certainly fall into the second category. Indeed, courts within the Ninth Circuit "uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms." *N.S. by and through Marble v. Rockett*, No. 3:16-CV-2171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017) (collecting cases). And as Defendant has not opposed this Motion, the Court finds no prejudice towards them in granting it. Lastly, the Court finds no reason why the public's interest in Plaintiff's identity outweighs Plaintiff's interest in anonymity. *See Doe v. Penzato*, No. CV10–5154 MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) ("'[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'" (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D. N.Y.

2006))).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion (ECF No. 3). The Court hereby **ORDERS** that Plaintiff may proceed using the name "John Doe" throughout this action.

**IT IS SO ORDERED.**

Dated: September 2, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge